```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division


LAWRENCE GARRISON,           )
                             )
     Petitioner,             )
                             )
                             )    CRIMINAL NO. 98-132(JCC)
          v.                 )    CIVIL ACTION NO. 00-1647
                             )
UNITED STATES OF AMERICA,    )
                             )
     Respondent.             )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Lawrence Garrison's Motion, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, to review the Court's November 20, 2002 Order, which denied Garrison's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated below, the Court will deny Garrison's Rule 60(b)(4) Motion.

### I. Background

On April 7, 1998, a grand jury sitting in the Eastern District of Virginia returned an indictment charging Lawrence Bernard Garrison and fourteen others with conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846.  Garrison was arraigned on April 27, 1998, at which time trial was set for June 15, 1998.  Prior to trial, nine of the

fifteen defendants entered guilty pleas.  Garrison and three other defendants were tried before this Court.  All four defendants were convicted by a jury of drug conspiracy.[1]

On October 16, 1998, this Court sentenced Garrison to 188 months in prison.  Garrison's conviction and sentence were affirmed on direct appeal.  *See United States v. Pena*, Nos. 98-4656, 98-4779, 98-4710, 98-4764, 2000 WL 541087 (4th Cir. Apr. 27, 2000), *cert. denied sub nom.*, *Pena v. Ward*, 530 U.S. 1269 (2000).  Garrison then filed a Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in this Court on April 25, 2001.  The Motion asserted six separate claims of ineffective assistance of counsel.  On November 20, 2002, this Court denied Garrison's § 2255 Motion.  Garrison appealed the denial to the Fourth Circuit, which dismissed the appeal due to Garrison's failure to make the showing required for a certificate of appealability.  *See United States v. Garrison*, 64 Fed. Appx. 412, 413 (4th Cir. 2003).  Following this dismissal, Garrison filed the present Motion for relief pursuant to Rule 60(b)(4).

## II. Standard of Review

Rule 60(b)(4) of the Federal Rules of Civil Procedure allows a court to relieve a party from a final judgment, order, or proceeding where "the judgment is void."  According to the Fourth Circuit, "'a judgment is not void merely because it is

---

[1] Two of the defendants were fugitives at the time of trial.

erroneous.  It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright and Miller, *Federal Practice and Procedure: Civil* § 2862 at 198-200 (1973)).

### III. Analysis

Garrison does not claim that the Court lacked personal or subject matter jurisdiction, but rather that the Court acted in a manner inconsistent with due process of law when it denied his § 2255 motion.  Specifically, Garrison argues that the Court erred by denying three of his ineffective assistance of counsel claims on grounds that they were procedurally barred.  Garrison relies heavily on statements made in *Kaufman v. United States*, 394 U.S. 217 (1969), *abrogated by Stone v. Powell*, 428 U.S. 465 (1976), in which the Supreme Court held that a failure to raise a Fourth Amendment claim on direct appeal did not bar post-conviction relief.  *Id.* at 239.  He argues that the merits of an ineffective assistance of counsel claim raised under the Sixth Amendment must be decided during § 2255 proceedings without regard to procedural default.  *See United States v. Hanger*, No. 91-6544, 1993 U.S. App. LEXIS 9520, at *8 (4th Cir. Apr. 23, 1993) ("An ineffective assistance of counsel claim is a constitutional claim that is cognizable under § 2255.").

Garrison mischaracterizes the Memorandum Opinion that accompanied this Court's November 20, 2002 Order denying his § 2255 motion.  In his § 2255 motion, Garrison asserted six separate claims of ineffective assistance of counsel, including his attorney's failure to object to the use of a general verdict form and failure to object to the indictment as vague and unspecific.  These claims now form the basis of Garrison's Rule 60(b) Motion.[2]  Contrary to Garrison's characterization of the Court's decision, however, it is clear that the Court ruled on the merits of both claims.

Upon considering Garrison's claim that his attorney failed to object to the use of a general verdict form, the Court found that Garrison suffered no prejudice as is required by *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Garrison v. United States*, No. 98-132, slip op. at 17-19 (E.D. Va. Nov. 20, 2002) (finding that the use of a general verdict form passed muster under *Griffin v. United States*, 502 U.S. 46 (1991), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Similarly, with regard to Garrison's claim that his attorney failed to object to the indictment, the Court concluded that Garrison failed to meet

---

[2]In the present Motion, Garrison also argues that the Court erred in not deciding his claim that his attorney failed to object to the Court's determination, by preponderance of the evidence, of the amount of drugs involved in Petitioner's offense.  A cursory review of Garrison's § 2255 motion reveals that he did not raise this claim at all during the § 2255 proceedings.  The Court will not consider his argument that it erred in failing to adjudicate the merits of a claim that was not even raised.

the prejudice prong of the *Strickland* test. *See id.*, slip op. at 20-21 (concluding that the indictment satisfied constitutional requirements in all respects).

After addressing each of Garrison's claims on the merits, the Court went on to state that Garrison was procedurally barred from raising any *Apprendi* claims for the first time on collateral review. The Court assumes that this statement constitutes the basis for Garrison's present Rule 60(b)(4) motion. Nevertheless, the statements regarding the procedural bar were merely alternative grounds for the denial of Garrison's § 2255 claims. The Court fully considered each claim and resolved it on the merits. Garrison's characterization of the Court's decision is therefore mistaken, and his arguments are baseless. As the denial of Garrison's § 2255 motion was consistent with due process of law, the present Motion will be denied.

### IV. Conclusion

For the foregoing reasons, the Court will deny Garrison's Motion for relief pursuant to Rule 60(b)(4). An appropriate Order shall issue.

December 8, 2005                                /s/
Alexandria, Virginia                    James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE